

FILED
SUPERIOR COURT
GUAM

2012 OCT 19 PM 1: 22

CLERK OF COURT
BY_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | ) CRIMINAL CASE NO. CF-0657-10 |
| | ) |
| | ) |
| vs. | ) DECISION AND ORDER |
| | ) (Defendant's Motion to Suppress) |
| | ) |
| BRANDON CAL MENDIOLA CRUZ, | ) |
| DOB: 03/06/1990 | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on March 16, 2012, on Defendant's Motion to Suppress. Assistant Public Defender Pablo M. Aglubat represented Brandon Cal Mendiola Cruz ("Defendant"). Assistant Attorney General Brooke E. Wright appeared on behalf of the People of Guam ("the People"). The Court ruled from the bench and orally denied Defendant's motion. The Court now issues this Decision and Order to reduce to writing its ruling.

## BACKGROUND

Defendant was indicted on November 18, 2010, charged with (1) Aggravated Assault (As a 3rd Degree Felony) and (2) Assault (As a Misdemeanor). Indictment (Nov 18, 2010). On November 24, 2010, Defendant was arraigned where he plead not guilty and waived his right to a speedy trial. Super. Ct. of Guam Minute Entry Log Number 14821 (Nov. 24, 2010). On

January 20, 2011, Defendant was released on a Five Thousand Dollar ($5,000) unsecured bail. Order of Conditional Release and Appearance Bond (Jan. 20, 2011).

Defendant then entered a plea agreement. After a hearing held on June 6, 2011, and a finding that Defendant's plea of guilty of Assault (As a Misdemeanor), was knowingly, and voluntarily made, the Court accepted the plea agreement and Defendant's plea of guilty and adjudged Defendant guilty of Assault (As a Misdemeanor). Plea Agreement (Jun 7, 2011). Defendant was placed on supervised probation for a period of two years as a condition of his plea agreement. Id. Accordingly, Judgment was filed on June 30, 2011, in the above-captioned case. Judgment (Jun 7, 2011).

Following Defendant's guilty plea entry, the Court held a Progress Hearing on September 26, 2011, wherein Defendant was not present. Transcript JDAASCRA (09/26/11) at 9:31:16 a.m.. Subsequently, the Court summoned Defendant to appear for a continued Progress Hearing on October 31, 2011. Summons by Court (Sept. 27, 2011). Before the continued Progress Hearing, a violation report was filed by the Probation Office stating inter alia, that Defendant last reported on July 13, 2011. Violation Report (Oct. 28, 2011). On November 10, 2011, the Court issued Defendant a summons to appear on December 19, 2011, to answer to the violation report. Summons (Nov. 10, 2011). Defendant was not present in Court on December 19, 2011. Transcript JDAASCRA (12/19/11) at 09:57:28 a.m. The Court issued a summons on December 29, 2011, summoning Defendant to appear on January 30, 2012 at 2 p.m. to answer to the violation report. Summons (Dec. 29, 2011). Defendant was not present at the Violation Hearing on January 30, 2012. Transcript JDAASCRA (01/30/12) at 2:36:27 p.m. Consequently, the Court issued a Warrant of Arrest and affixed bail at Five Thousand Dollars ($5,000). Warrant of Arrest (Feb. 6, 2012).

On March 1, 2012, probation officers arrested Defendant pursuant to a Warrant of Arrest. Testimony of Probation Officer Anthony Duenas,Transcript JDAASCRA (03/15/12) at 2:57:57. A Return of Warrant Service was filed with the Court on March 2, 2012. Return of Warrant (Mar. 2, 2012). Accordingly, the Court held a Return of Bench Warrant Hearing on March 2, 2012, at which time the Court due to concerns that Defendant failed to regularly check in with the Probation Office, coupled with a firearm found in Defendant's bedroom, continued the Return of Warrant Hearing for March 5, 2012. On March 5, 2012, it was relayed to the Court that Defendant was not able to be brought to Court due to transportation issues with the Department of Corrections. The Court continued the Return of Bench Warrant for March 6, 2012. On March 6, 2012, Defendant posted bail and the Court admonished him regarding firearms and underscored his release conditions. Transcript JDAASCRA (03/06/12) at 03:42:12.

On March 12, 2012, at a Violation Hearing, the Court was advised that the firearm found by probation in Defendant's residence was stolen. Transcript JDAASCRA (10/12/12) at 3:33:46. A 2nd Violation Report was filed on March 12, 2012, stating "...probationer violated the following conditions of probation: Failed to comply with Section C (11) of the Judgment for the aforementioned case. On March 2, 2012, a team of Probation Officers conducted a home search and discovered a firearm along with several rounds of ammunition in the defendant's room. The firearm and ammunition were secured and confiscated by the Probation Officers." 2nd Violation Report (Mar. 12, 2012). On March 14, 2012, Defendant informed the Court that he would like to file a suppression motion. Transcript JDAASCRA (3/14/12) at 09:30:06 a.m. The Court then continued the hearing for March 15, 2012.

Defendant filed a Motion to Suppress on March 14, 2012. Defendant's Motion to Suppress & Memorandum of Points & Authorities in Support of Motion to Suppress (Mar. 14, 2012). Accordingly, a hearing on Defendant's motion was held on March 15, 2012. At that hearing, the People opposed Defendant's motion. Defendant requested a written opposition, and the Court continued the matter for 2 p.m. that same day. The People filed their opposition to Defendant's Motion to Suppress. People's Opposition to Def.'s Motion to Suppress (Mar. 15, 2012).

The Court resumed the Motion to Suppress Hearing at 2 p.m. that same day, March 15, 2012. The Government called one witness, Probation Officer Anthony Duenas. Defendant did not call on any witnesses. The Court returned the following day, March 16, 2012, and orally denied Defendant's Motion to Suppress and issues this Decision and Order to articulate the legal and factual basis for its ruling.

## DISCUSSION

Defendant moves to suppress "the firearm and ammunition allegedly found in his residence as fruits of an illegal search of his home." Def.'s Motion to Suppress & Memorandum of Points & Authorities in Support of Motion to Suppress (Mar. 14, 2012). Defendant further contends that a "warrantless search of [his] home without reasonable suspicion of criminal activity occurring in his home is a Fourth Amendment violation." Id.

The People oppose Defendant's motion arguing that "the exclusionary rule does not apply to probation and parole hearings." People's Opposition to Def.'s Motion to Suppress (Mar. 15, 2012). Moreover, the People contend that "even if the exclusionary rule applied in the present case, exclusion is improper because the search was performed subsequent to a warrant of arrest and pursuant to Defendant's probation condition.

A warrantless search of a probationer's home, supported by reasonable suspicion and authorized by a condition of his probation, is reasonable within the meaning of the Fourth Amendment. U.S. v. Knights, 534 U.S. 112, and Griffin v. Wisconsin, 483 U.S. 868. When the search is supported by reasonable suspicion in light of the totality of the circumstances, there is no basis for examining the official purpose of the search. Knights, 534 U.S. 112.

The United States Supreme Court in a more recent decision, referred to Knights expressing that the high Court also considered the fact that "Knights' probation order clearly set out the probation search condition, and that Knights was clearly informed of the condition." Moreover, the U.S. Supreme Court concluded that under these circumstances, Knights' expectation to privacy was significantly diminished. See Samson v. California, 547 U.S. 843.

In the instant case, Defendant entered into a Plea Agreement filed with the Court on June 7, 2011, agreeing to enter a guilty plea of Assault (As a Misdemeanor), therefore dismissing the first charge in the indictment of Aggravated Assault (As a 3rd Degree Felony). Among the terms and conditions set forth in Defendant's Plea Agreement is Paragraph 5 (xiii) which reads:

> Defendant shall permit the probation officers to search his person, residence, and vehicles for firearms, alcoholic beverages and illegal controlled substances at any time such a search is requested. Failure to allow such a search will be considered a violation of probation;

Subsequent to Defendant's Plea Agreement, Judgment was entered and filed on June 30, 2011. Paragraph C (14) expressly provides:

> Defendant shall permit the probation officers and peace officers to search his person, residence, and vehicles for firearms, alcoholic beverages and illegal controlled substances at any time such a search is requested. Failure to allow such a search will be considered a violation of probation;

Essentially, the Judgment incorporated the same provision agreed to by the Defendant in his Plea Agreement.

In the case at bar, a violation report was filed with the Court on October 28, 2011 against the Defendant citing that he last reported to probation on July 13, 2011. A summons was filed with the Court numerous times and Defendant failed to appear on all Court hearings scheduled by the Court. Hence the Court issued a Warrant of Arrest filed on February 6, 2012. Acting on the warrant of arrest and the fact that Defendant was not checking in, probation officers went to his residence and arrested him on March 1, 2012. Testimony of Probation Officer Anthony Duenas,Transcript JDAASCRA (03/15/12) at 2:57:57. Probation officers were also given a tip that Defendant may have weapons at his home. Id. At 2:55:52. While at Defendant's home, probation officers conducted a search and discovered a firearm along with several rounds of ammunition in Defendant's room. 2nd Violation Report (Mar. 12, 2012)

Based on the circumstances of this case, the fact that Defendant was on probation and aware of a condition allowing probation officers to search his person, residence, and vehicle, along with the testimony, and case law authority cited, the Court hereby DENIES Defendant's Motion to Suppress.

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court DENIES Defendant's Motion to Suppress.

SO ORDERED this ___ day of ___ March, 2012.

is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

MAR 19 2012

Amando D. Quitoriano
Deputy Clerk, Superior Court of Guam

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

People of Guam v. Brandon Cal Mendiola Cruz (CF 0657-10)
Decision and Order – Motion to Suppress